Lin v. Holder

BIA
Vomacka, IJ
A089 770 111

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

CHANG BING LIN, AKA CHANG BIN LIN,
        *Petitioner,*

        v.                                    12-553
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:      Richard Tarzia, Belle Mead, New
                     Jersey.

FOR RESPONDENT:      W. Daniel Shieh, Trial Attorney,
                     Jacob A. Bashyrov, Office of
                     Immigration Litigation, Civil

**Division, *for* Stuart F. Delery, Acting Assistant Attorney General *and* Carl H. McIntyre, Jr., Assistant Director, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chang Bing Lin, a native and citizen of the People's Republic of China, seeks review of a January 19, 2012 order of the BIA, affirming the June 23, 2010 decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Bing Lin*, No. A089 770 111 (B.I.A. Jan. 19, 2012), *aff'g* No. A089 770 111 (Immig. Ct. N.Y. City June 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Lin's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We conclude that substantial evidence supports the agency's determination that Lin did not testify credibly regarding his Falun Gong claim.[1]

In finding Lin not credible, the agency reasonably relied on his failure to indicate during his credible fear interview either that he practiced Falun Gong in China, or that Chinese authorities targeted him on account of his Falun Gong activities. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 n.3 (2d Cir. 2008) (per curiam) (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). The agency also reasonably relied on discrepancies between: (1) Lin's testimony and asylum

---

[1] As Lin does not challenge the IJ's determination that his family planning claim was precluded by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), we do not address it. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

3

application with regard to the length of time that he was in hiding prior to his departure from China; and (2) Lin's testimony and both his asylum application and wife's letter with regard to the number of times that Chinese authorities sought to arrest him for practicing Falun Gong. *See id.* at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."); *see also Iouri v. Ashcroft*, 487 F.3d 76, 81-82 (2d Cir. 2007) (holding that discrepancies between an applicant's asylum application and testimony may support an adverse credibility determination). Lin failed to provide compelling explanations for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Furthermore, the IJ reasonably found implausible Lin's assertion that he practiced Falun Gong in Flushing, Queens two to three days per week while working full-time and residing in New Jersey six days per week. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2009) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm

4

conviction of error could properly be derived," we will not disturb the inherent implausibility finding). Additionally, we find no error in the IJ's reliance, in part, on Lin's lack of knowledge of the Falun Gong exercises in light of his assertion that he had regularly practiced Falun Gong in the United States for two years. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006).

Finally, the IJ reasonably declined to afford evidentiary weight to the photographs Lin submitted of his Falun Gong practice, given that Lin failed to clarify the identity of the photographer(s), admitted that two of the photographs were taken near his attorney's office solely for litigation purposes, and the photographs depicted Lin practicing alone, even though he testified that he practiced with others. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that the agency may rely on a lack of corroborative evidence where an applicant's testimony is not otherwise credible); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary regarding the agency's inconsistency, implausibility, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66.  The agency's denial of Lin's application for asylum, withholding of removal, and CAT relief was not in error as all three claims share the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal)*; Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk